**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Enrique TREJO–BARRIENTOS, Defendant–Appellant.**

No. 03–40273.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 17, 2004.

James Lee Turner, John Richard Berry, Assistant US Attorneys, Houston, TX, for Plaintiff–Appellee.

Hector Anthony Casas, Roland E. Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before SMITH, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM.[*]

Juan Enrique Trejo–Barrientos pleaded guilty to illegal reentry after deportation and was sentenced to 21 months' imprisonment and one year supervised release. He argues that the district court erred in considering his prior, uncounseled misdemeanor convictions for illegal reentry in assessing his criminal history points. Trejo–Barrientos avers that the waivers of right to counsel during his guilty-plea proceedings were invalid because (1) the district court failed to admonish him regarding the dangers and disadvantages of self-representation; (2) the record failed to show that he had independent knowledge of those dangers and disadvantages; and (3) the court failed to inquire into his age, education, and experience.

Assuming *arguendo* that Trejo–Barrientos had a Sixth Amendment right to counsel, we hold that he validly waived his right to counsel at his 1997 and 1998 plea hearings for the same reasons as those stated in our opinions in *United States v. Garcia–Hernandez*, 74 Fed.Appx. 412 (5th Cir.2003) (unpublished) and *United States v. Campos–Belasquez*, 79 Fed.Appx. 666

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir.2003) (unpublished). Thus, the district court did not err in using his prior uncounseled misdemeanor convictions for illegal reentry in assessing his criminal history points.

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.